## STATE *v.* FRANK GOODWIN.

*Fishing in Lake Bomoseen. When statutes should be construed together.*

1. No. 73, Acts of 1884, provides that it shall be unlawful to catch pond pick-erel in any of the waters of this State between certain dates. No. 245, Acts of 1884, entitled "An Act for the protection of fish in Lake Bomo-seen," provides, s. 5, that "this act shall not be construed to prevent a person from fishing in said waters at any time with hook and line." The two acts were approved the same day. *Held,* that the two must be construed together, and that fishing with hook and line in the waters of that lake was at all times lawful.

2. In 1886 some further acts were passed in relation to fishing in Lake Bomo-seen. By No. 319, Acts of 1888, the previous acts upon this subject were consolidated, and it was provided that " all previous acts relating to the protection of fish in Lake Bomoseen " were repealed. *Held,* that there could be no conviction for catching fish with hook and line previous to the passage of the last-named act; and, *dictum,* that after its passage such fishing was lawful except as prohibited by the terms of the act itself.

Information for unlawful fishing in Lake Bomoseen. Heard at the March Term, 1889, Ross, J., presiding, upon the demur-rer of the State to the respondent's special plea, setting forth that he took the fish with hook and line. Demurrer sustained. The respondent excepts.

*John Howe,* for the respondent.

Nos. 73 and 245 of the Acts of 1884 are *in pari materia,* and should be construed together. *Territory* v. *Wingfield,* 15 Pa. Rep. 139; *Highgate* v. *State,* 59 Vt. 39; Potter's Dwarris, 189; *State* v. *Babcock,* 33 N. W. Rep. 247.

*Edward Dana,* State's Attorney, for the State.

In the construction of statutes the true rule is to inquire, in view of all the circumstances, what the intention of the Legis-lature was. *Ryegate* v. *Wardsboro,* 30 Vt. 746; Bish. Stat. Cr., ss. 82, 86.

The opinion of the court was delivered by

MUNSON, J. No. 73, Acts of 1884, approved November 25th, provides, in s. 7, for the punishment of one who takes or catches any pond pickerel from any of the waters of this State, or has any of said fish in his possession, between the first day of February and the 15th day of June. No. 245, Acts of 1884, entitled, "An Act for the protection of fish in Lake Bomoseen and Inman Pond," was approved the same day. By the first section of this act it is made unlawful to fish in the waters named in the title by the use of "seines, nets, spears, explosives or other devices for entrapping, ensnaring or killing fish." Section 5 of the act provides that "this act shall not be construed to prevent a person from fishing in said waters at any time with a hook and line." By No. 232, Acts of 1886,—"An Act for the further protection of fish in the waters of Lake Bomoseen,"—it is made unlawful to catch fish in said lake north of a certain line, "by the use of any hook and line, or hooks, from the first day of March to the 20th day of June." By No. 231, Acts of 1886, the first section of No. 245, Acts of 1884, was re-enacted with an addition to the list of prohibited devices. By No. 319, Acts of 1888, the provisions of Nos. 231 and 232, Acts of 1886, were consolidated, with some alterations and additions; and "all previous acts relating to the protection of fish in Lake Bomoseen" were repealed.

The information is based upon s. 7, No. 73, Acts of 1884, and charges the respondent with taking four pond pickerel from the waters of Lake Bomoseen, and with having in his possession four pond pickerel so taken, between the first day of February and the 15th day of June, 1888. The respondent pleads that his acts were lawful by virtue of s. 5, No. 245, Acts of 1884; but claims further that by reason of the repeals effected by No. 319, Acts of 1888, the information cannot be sustained. If the respondent is correct in regard to the scope and effect of the repeal, it is unnecessary to determine the question raised by the prosecution as to the sufficiency of the respondent's plea. Is

the force of the repealing statute confined to the previous special acts for the protection of fish in Lake Bomoseen, or does it effect a repeal of the last clause of s. 7, No. 73, Acts of 1884, so far as it relates to Lake Bomoseen?

We think s. 5, No. 245, Acts of 1884, made the catching of pond pickerel with a hook and line lawful at any time in the waters of Lake Bomoseen. Nos. 73 and 245, Acts of 1884, were approved the same day and are to be construed as one act. *Highgate* v. *The State*, 59 Vt. 39. When the last clause of s. 7, No. 73, and s. 5, No. 245, are read together, it is apparent that the catching of pond pickerel with hook and line was not prohibited at any season in the waters named in the special act. Afterwards, by No. 232, Acts of 1886, such fishing was prohibited in a certain part of the lake between certain dates. These dates, however, did not correspond with those of the close season under the general law. No. 245, Acts of 1884, also contained protective provisions other than those above quoted, and these provisions were enforced by penalties different from those provided for the violation of like prohibitions in the general law, and a different disposition was made of the fines recovered. It is evident that these special acts were intended to constitute a separate code for the protection of this lake.

This was the state of the law when No. 319, Acts of 1888, was passed, embodying the provisions of Nos. 231 and 232, Acts of 1886, and containing the repealing clause above quoted. We think No. 319 was also intended to operate as a distinct code for the protection of Lake Bomoseen, and that fishing with a hook and line in that part of the lake and during that season not excepted by the second section of the act, is no more prohibited now than it was before the previous acts were embodied in this. The previous law applicable to this lake having been found by treating the last clause of s. 7, No. 73, Acts of 1884, and s. 5, No. 245, Acts of 1884, as parts of the same provision, we do not think it was the intention of the Legislature by the act of 1888 to do away with that part which controlled the operation of the general prohibition as regarded this particular water, and leave

the general prohibition applicable to it.    This view is supported
by the continuance of the provision prohibiting fishing in a cer-
tain part of the lake during a period commencing later and clos-
ing later than the close season otherwise established.    If this
was designed to vary somewhat for a portion of the lake a period
of prohibition otherwise applicable to the whole lake, it is not
probable that the enactment would have been in this form.    We
think s. 2, No. 319, Acts of 1888, indicates that it was not the
understanding of the Legislature that upon the passing of that
act the general prohibition contained in s. 7, No. 73, Acts of
1884, would become applicable to Lake Bomoseen.

We hold that the provision upon which the information is
based is not now a part of the law applicable to Lake Bomo-
seen.    It follows that the information cannot be sustained.

*Judgment reversed, and judgment that respondent be acquitted.*